Barker, J.
This was an action of replevin to recover a quantity of unthreshed wheat standing in shocks in the plaintiff’s field. The cause was tried before Mr. Justice Dwight, who denied the plaintiff’s notion. The newly discovered evidence was clearly cumulative. The chief.issue was as to the terms of the contract between the plaintiff and the defendant, Walter D. Parker, who sowed the crop of wheat in controversy. Each of the parties testified on the trial on that subject. Each giving the terms of the contract as he understood the same.
- The plaintiff claims that he can now prove that the defendant made a false statement in his evidence as to the kind of wheat which he' used as seed. If the defendant and his witnesses can be successfully contradicted upon that point it would not be decisive of the real issue, as the variety of the wheat in quastion was wholly collateral to the main question.
The question of surprise is a more serious one. But we are satisfied with the disposition made of that question by the special term; The plaintiff relied upon Mr. Camp, one of the attorneys of record, to act as his counsel on the trial, who was absent when the cause was reached at the circuit. When the cause was called the trial was postponed on the application of Mr. Dunwell, the other of the attorneys of record, for a part of a day, that he might consult with his client and prepare for trial. The court refused to postpone the trial for the term on account of Mr. Camp’s absence. The plaintiff retained Mr. Norton as counsel to assist his attorney, Mr. Dunwell, upon the trial. After the plaintiff rested, Mr. Dunwell received intelli *455 gence of the death of his mother, and immediately withdrew from the case, and the subsequent proceedings were conducted by Mr. Norton. No statement was niade to the court of Mr. Dunwell’s affliction and the necessity of his retiring, nor was an application made for delay or postponement on that account. The plaintiff is of the opinion, as stated in his affidavit, that on account of Mr. Norton’s unfamiliarity with the facts of the case, the same was not presented with the same force and intelligence as it would have been by either of his other counsel; that the nonattendance of Mr. Camp and the retirement of Mr. Dunwell .after the trial commenced, so confused and embarrassed him, that he was unable to communicate to Mr. Norton such facts and circumstances as would have enabled him the better to comprehend the case, and to conduct a proper cross-examination of the defendant’s witnesses. Mr. Norton made a brief affidavit, which was read upon the motion, but he omits to make any statement indicating that he failed to comprehend the plaintiff’s case, or that he misconceived the nature and character of it in any respect. The attention of the court was not called to the situation that Mr. Dunwell was obliged to withdraw from the trial and for that reason it is too late to urge that the plaintiff was surprised. The plaintiff had the same counsel who remained in charge of the case, and they took the chances of securing a verdict favorable to the plaintiff, and it would be unfair to compel the defendants to go to another trial for the reason urged. He •had an opportunity, full and complete, to state his surprise and the situation in which he was placed before a verdict was rendered, and it was within the discretion of the court to make an order of some kind relieving the plaintiff from his embarrassment, if it was sufficient to justify a postponement of the trial. Soule v. Osterhout, 20 Wk. Digest, 67.
No good reason is disclosed why the plaintiff should not have moved for the privilege of withdrawing a juror or asking for a temporary postponement of the trial. The charge to the jury was very instructive as to the law of the case, and the evidence was analyzed and its import clearly indicated to the jury. It is usually within the discretion of the court to grant or refuse new trials on the ground of surprise. After considering the particular facts and circumstances of the case, we are satisfied with the disposition made of the motion at special term.
Judgment has not been entered upon the verdict. The value of the wheat was. admitted to be $225- and the jury, by their verdict, so found. The question is not here as. to the form of the judgment which should be entered upon the verdict, nor whether or not the defendants may recover that amount in case, the wheat is not returned to them..
Order appealed from affirmed with costs,
Smith, Haight and Bradley, JJ., concur.